JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAUSTO AGUILAR, individually, and on behalf of all others similarly situated, | ) ) ) | CASE NO. CV 18-8123-R |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | ) ) | |
| HARTFORD ACCIDENT & INDEMNITY COMPANY, a Connecticut corporation; et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court is Defendants' Motion to Dismiss, filed December 7, 2018. (Dkt. No. 46). Having been thoroughly briefed by the parties, this Court took the matter under submission on February 26, 2019.

The facts alleged are as follows. Plaintiff Fausto Aguilar ("Plaintiff") is a resident of California, and the Hartford Entities ("Defendants") are insurance companies that provide workers compensation coverage. Plaintiff alleges that Defendants collect personal information from the workers' compensation claimants related to their claim. He further alleges that Defendants contracted with certain vendors to provide workers' compensation claims handling and managed IT support services. Plaintiff contends that his digital medical records and the digital medical

records of other putative class members were on a system server maintained by vendors for the Defendants and accessed at some point from late 2014 through at least April 2018. Plaintiff alleges that the accessing of such information for him and other members by Bing, Google and Yandex, was due to Defendants' negligence in securing the information. Plaintiff claims the confidential information was scanned, viewed, catalogued and indexed, and made available to anyone on the internet. Plaintiff learned of the unauthorized access on April 30, 2018 when he received a letter describing the data breach. The letter advised Plaintiff that the incident may have involved his personal information, that Defendants have no knowledge of the personal information being searched or used improperly, and that Defendants believe the risk of harm to be low. The letter also provided that as an added precaution, Defendants have arranged for AllClear ID to provide identity theft protection services for 24 months at no cost to Plaintiff. Plaintiff brought suit against Defendants claiming violations of the California Confidential Medical Information Act ("CMIA") and negligence under California law. Defendants now move to dismiss Plaintiff's claims according to Federal Rule of Civil Procedure 12(b)(6).

Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 662, 678. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). On a motion to dismiss, a court may consider material properly submitted as part of the complaint that the complaint relies on. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

As to Count One, Plaintiff alleges that Defendants violated the CMIA and seeks statutory damages for himself and members of the putative class equal to $1,000 per class member and actual damages, if any. However, the express language of the CMIA recognizes that the Act only

1  applies to a "provider of health care, health care service plan, or contractor." Cal. Civ. Code §
2  56.10(a). Section 56.05(m) of the CMIA defines a provider of health care as "any clinic, health
3  dispensary, or health facility licensed pursuant to Division 2 (commencing with Section 1200) of
4  the Health and Safety Code." The Act recognizes that a provider of health care does not include
5  insurance institutions "defined in subdivision (k) if Section 791.02 of the Insurance Code." *Id*.
6  California Insurance Code section 791.02(k) defines "insurance institutions" as "any corporation,
7  association, partnership . . . engaged in the business of insurance," but does not include "agents,
8  insurance-support organizations, or health care service plans regulated pursuant to the Knox-
9  Keene Health Care Service Plan Act." *Id*. The Knox-Keene Health Care Act of 1975 regulates
10 California health care service plans that "undertake[] to arrange for the provision of health care
11 services to subscribers or enrollees, or to pay for or to reimburse any part of the cost for those
12 services, in return for a prepaid or periodic charge paid by or on behalf of the subscribers or
13 enrollees." Cal. Civ. Code § 1344(f).
14    Here, Plaintiff's claim against Defendants for violation of the CMIA fails because the
15 CMIA does not apply to any of the Hartford Entities. The Hartford Entities are not "provider[s] of
16 health care, "health care service plan[s]" or "contractor[s]". Rather, the Hartford Entities are
17 workers compensation insurance carriers which are not subject to obligations under the CMIA.
18 Furthermore, these insurance institutions are not health care service plans regulated by the Knox-
19 Keene Health Care Service Plan Act. Specifically, none of the Hartford Entities are licensed to
20 provide health care services to subscribers in California, none are listed among the entities
21 regulated by the California Department of Managed Health care, and none are regulated by the
22 Knox-Keene Act. *See, e.g., In re Regents of the Univ. of Cal. v. Aetna U.S. Health of California*,
23 No. SACV 10-1043, 2011 U.S. Dist. LEXIS 165180 (C.D. Cal. Mar. 15, 2011) (dismissing
24 plaintiffs' CMIA claim on the basis that the Aetna entity was not regulated by the Knox-Keene
25 Act and therefore the CMIA was inapplicable); *Grove Lumber & Bldg. Supply v. Argonaut Ins.*
26 *Co.*, CV 07-1396, 2008 U.S. Dist. LEXIS 51752, at *17-18 (C.D. Cal. July 7, 2008) ("The IPA
27 and workers' compensation policies are not 'health care service plans' under Cal. Health & Safety
28 Code § 1343(e)(1) [(the Knox-Keene Act)]."). Each entity is a corporation engaged in the

3

1  business of insurance and is licensed by the California Department of Insurance to provide
2  workers' compensation insurance.  Thus, the Entities are not "health care service plans" regulated
3  by the Knox-Keen Health Care Act of 1975 and are not subject to the CMIA.
4      Finally, the CMIA expressly recognizes that an "insurance institution" is not a contractor
5  under the Act.  California Civil Code § 56.05(d).  As a result, Plaintiff's claim for violation of the
6  CMIA is dismissed.
7      As to Count Two, to plead negligence under California law, the Plaintiff must establish the
8  following elements: "(1) defendant's obligation to conform to a certain standard of conduct for the
9  protection of others against unreasonable risks (duty); (2) failure to conform to the standard
10 (breach of the duty); (3) a reasonably close connection between the defendant's conduct and
11 resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d
12 554, 572 (9th Cir. 2009).
13     Here, the only element in dispute is damages.  Plaintiff alleges in the First Amended
14 Complaint ("FAC") that "Plaintiff and the putative class members suffered harm and will continue
15 to suffer harm, including but not limited to a loss and invasion of privacy, loss of property, and
16 loss of control of their medical information and personal financial information."  However, none
17 of these alleged harms provide a cognizable injury to satisfy the damages element of a negligence
18 claim under California law.  First, the loss of privacy engendered by an accidental data breach
19 cannot satisfy the necessary damage element of a negligence claim, "without specific factual
20 statements that Plaintiffs' Personal Information has been misused, in the form of an open bank
21 account, or un-reimbursed charges." *In re Sony Gaming Networks and Customer Data Sec.*
22 *Breach Litigation*, 903 F. Supp. 2d 942, 963 (S.D. Cal. Oct. 11, 2012).  "The mere 'danger of
23 future harm, unaccompanied by present damage, will not support a negligence action.'" *Id*.  In
24 the FAC, Plaintiff alleges that the invasion of privacy resulted in nothing more than the disclosure
25 of the information itself.  Plaintiff does not allege that his personal information was misused in
26 any way that caused him damages.  Second, an alleged loss of property in the form of personal
27 information is insufficient to support a claim for negligence. *Corona v. Sony Pictures Entm't,*
28 *Inc.*, No. 14-CV-09600 RGK (Ex), 2015 U.S. Dist. LEXIS 85865, *8 (C.D. Cal. June 15, 2015).

1  Third, Plaintiff's alleged loss of control of his medical information and personal financial
2  information is also insufficient to establish damages for a negligence claim. *Id*. at *7-8. Finally,
3  although the FAC alleges "economic harm," such harm unconnected to a physical injury to person
4  or property is generally not recoverable. *Id*. at *12 (holding that "purely economic loss cannot be
5  recovered in a negligence claim"). Thus, Plaintiff has failed to plead the necessary element of
6  damages to sustain a claim for negligence under California law. As a result, Plaintiff's claim for
7  negligence according to California law is dismissed.

8  **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED. (Dkt.
9  No. 46).

10  Dated: March 13, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE